**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:17-CV-190-DCK**

| | |
|---|---|
| **KEISHA L. WOOTEN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| **NANCY A. BERRYHILL,** | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion for Judgment on the Pleadings Rule 12(c), F.R.Civ.P." (Document No. 10) and Defendant's "Motion for Summary Judgment" (Document No. 17). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, applicable authority, and oral arguments, the undersigned will direct that the Plaintiff's "Motion for Judgment on the Pleadings Rule 12(c), F.R.Civ.P." (Document No. 10) be <u>denied</u>; that the Defendant's "Motion for Summary Judgment" (Document No. 17) be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

**I.     BACKGROUND**

Plaintiff Keisha Lavonne Wooten ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about October 3, 2013, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning June 1, 2013. (Transcript of

the Record of Proceedings ("Tr.") 10, 196, 199). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's applications initially on January 21, 2014, and again after reconsideration on June 9, 2014. (Tr. 10, 111-22, 123-30, 131-40). In its "Notice[s] of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 123, 131).

Plaintiff filed a timely written request for a hearing on or about July 3, 2014. (Tr. 10, 141-42). On June 1, 2016, Plaintiff appeared and testified at a hearing before Administrative Law Judge Todd Jacobson (the "ALJ"). (Tr. 10, 31-54). In addition, Robert E. Brabham, Jr., a vocational expert ("VE"), and David Lund, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on July 6, 2016, denying Plaintiff's claim. (Tr. 10-18). On August 17, 2016, Plaintiff filed a request for review of the ALJ's decision. (Tr. 194-95). The Appeals Council denied this request on June 14, 2017. (Tr. 1-3). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on July 17, 2017. (Document No. 1). On October 26, 2017, the parties consented to Magistrate Judge jurisdiction in this matter. (Document No. 9).

Plaintiff's "Motion for Judgment on the Pleadings Rule 12(c) F.R.Civ.P." (Document No. 10) and "Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings Rule 12(c), F.R.Civ.P." (Document No. 11) were filed November 16, 2017. Defendant's "Motion for Summary Judgment" (Document No. 17) and "Memorandum in Support of the Commissioner's Motion for Summary Judgment" (Document No. 18) were filed March 1, 2018. Plaintiff declined to file a reply brief, and the time to do so has lapsed. See Local Rule 7.2 (e).

On May 3, 2018, the undersigned scheduled this matter for a hearing on June 7, 2018, and directed the parties to make a good faith attempt to resolve or narrow the issues. (Document No. 20). The parties filed a "Joint Notice" (Document No. 21) on May 21, 2013, reporting that their attempt to resolve or narrow the issues had failed.

The undersigned held a hearing in this matter on June 7, 2018, allowing the parties one more opportunity to present their arguments. Based on the foregoing, the pending motions are now ripe for review and disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir.

2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability," as that term of art is defined for Social Security purposes, at any time between June 1, 2013, and the date of the ALJ's decision.[1] (Tr. 10). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

    (1)    whether claimant is engaged in substantial gainful activity - if yes, not disabled;

    (2)    whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

    (3)    whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

    (4)    whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

    (5)    whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 16-17).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since June 1, 2013, her alleged disability onset date. (Tr. 12). At the second step, the ALJ found that the Plaintiff's fibromyalgia and asthma were severe impairments, but that her adjustment

disorder mixed with anxiety and depressed mood was not.[2] (Tr. 12-13). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 13).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> she must be permitted to alternate between sitting and standing every 30 minutes; she is limited to frequent bilateral fingering and handling; no concentrated exposure to hazards such as moving machinery or unprotected heights, dust, fumes, or gases; and she is further limited to simple, routine, repetitive tasks.

(Tr. 13). In making his finding, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work (Tr. 16). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 16-17). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a production inspector, a bottle line attendant, and a machine tender. (Tr. 17). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

defined by the Social Security Act, at any time between June 1, 2013, and the date of the ALJ's decision, July 6, 2016. (Tr. 17).

Plaintiff on appeal to this Court alleges that the ALJ's finding of an RFC to perform a reduced range of light work is not supported by substantial evidence. (Document No. 11, p. 5).

**Assignment of Error—RFC Finding**

Plaintiff asserts three main arguments in support of her view that the RFC finding is not supported by substantial evidence. (Document No. 11, pp. 5-10).

First, Plaintiff argues that the ALJ did not properly consider evidence of her subjective symptoms, including her pain. (Document No. 11, pp. 6-9). Plaintiff asserts that her "testimony … illustrate[s] that she is unable to work due to chronic severe pain" and that her testimony is "strongly supported by the record." (Document No 11., p. 6, 7). In light of her testimony and its asserted strength, Plaintiff contends that the ALJ's evaluation of her symptoms is not supported by substantial evidence. (Document No. 11, p. 9).

In response to Plaintiff's first argument, Defendant asserts that the ALJ's evaluation of Plaintiff's pain correctly follows the two-step process that 20 C.F.R. §§ 404.1529 and 416.929 provide for assessing symptoms. (Document 18, p. 5). Defendant points out that in accordance with these provisions, the ALJ found (1) that Plaintiff's medically determinable impairments could reasonably be expected to cause her symptoms, but (2) that Plaintiff's statements about her symptoms were not entirely consistent with evidence in the record. (Document No. 18, p. 5). Further, the Defendant notes that the ALJ's opinion includes analysis of regulatory factors for assessing symptoms. (Document No. 18, p. 6). These factors include Plaintiff's daily activities, the nature of Plaintiff's alleged symptoms, precipitating and aggravating factors, Plaintiff's use of medication, and Plaintiff's use of treatment other than medication. (Document No. 18, pp. 6-8).

7

Second, Plaintiff argues that the ALJ "completely failed to analyze the full symptomatic picture of Ms. Wooten's fibromyalgia, which includes insomnia, fatigue, and digestive issues." (Document No. 11, p. 9). Plaintiff asserts that although her complaints of these symptoms appear throughout the record, the ALJ "completely failed to mention insomnia, fatigue, or digestive issues anywhere in the decision." (Document No. 11, p. 9). Based on this alleged omission, Plaintiff concludes that the ALJ's finding that Plaintiff was still able to work is not based on substantial evidence. (Document No. 11, p. 9).

In response to Plaintiff's second argument, the Defendant points to the ALJ's acknowledgement of fatigue and digestive issues as symptoms of fibromyalgia. (Document No. 18, p. 12) (citing Tr. 13). In addition, Defendant notes that Plaintiff did not mention symptoms of fatigue during her consultative examination with Dr. Baird. (Document No. 18, p. 12) (citing Tr. 387). Lastly, Defendant calls attention to Plaintiff's statement during the hearing that that her digestive problems do not keep her from working. (Document No. 18, p. 12) (citing Tr. 50).

Third, Plaintiff argues that that the ALJ was wrong to conclude that Plaintiff's ability to intermittently perform routine tasks indicates that Plaintiff is able to perform a reduced range of light work on a regular and sustained basis. (Document No. 11, pp. 9-10). As Plaintiff puts it, the ALJ "erroneously equated [Plaintiff's] ability to engage in some activities on her own schedule with an ability to work full-time." (Document No. 11, p. 10). Thus, Plaintiff contends that the ALJ used Plaintiff's daily activities as dispositive evidence of an ability to perform reduced light work on a full-time basis.

In response to Plaintiff's third argument, Defendant challenges Plaintiff's characterization of how the ALJ used evidence of Plaintiff's daily activities in determining Plaintiff's RFC. (Document No. 18, p. 6). Defendant contends that the ALJ did not, as Plaintiff asserts, equate

Plaintiff's ability to perform daily activities with the ability to perform light work on a sustained basis. (Document No. 18, p. 6). Instead, Defendant contends that the ALJ properly considered evidence of Plaintiff's daily activities as one of several factors in making the RFC determination. (Document No. 18, p. 6) (citing Tr. 14).

The undersigned finds that the ALJ's finding of an RFC to perform a reduced range of light work is supported by substantial evidence. While Plaintiff disagrees with the conclusions that the ALJ draws from evidence of her subjective symptoms, the undersigned agrees with Defendant that the ALJ followed the proper regulatory process for evaluating those symptoms and cited to the record in drawing his conclusions. (Tr. 13-15); see also 20 C.F.R. §§ 404.1529, 416.929.

Moreover, the undersigned agrees with Defendant that Plaintiff overstates the extent to which the ALJ overlooks Plaintiff's complaints of insomnia, fatigue, and digestive issues. (Document No. 18, p. 12). Contrary to Plaintiff's assertion that the ALJ's opinion "completely failed to even mention insomnia, fatigue, or digestive issues anywhere in the decision," (Document No. 11, p. 9), the ALJ recognized fatigue and irritable bowel syndrome as symptoms of fibromyalgia. (Tr. 13).

Finally, the undersigned agrees with Defendant that Plaintiff overstates the extent to which the ALJ relied on evidence of Plaintiff's daily activities to determine that Plaintiff could perform a reduced range of light work on a sustained basis. (Document No. 18, p. 6). Instead of simply equating an ability to perform daily activities with an ability to perform a reduced range of light work on a sustained basis, the ALJ used evidence of Plaintiff's daily activities as just one factor in his ultimate RFC determination. (Tr. 13-16).

In light of the foregoing, the ALJ's RFC determination is not nearly as lacking in evidence as Plaintiff characterizes it. Rather, the RFC determination is supported by substantial evidence, which means this Court must uphold it. Lester, 683 F.2d at 841.

## IV. CONCLUSION

The Court sincerely appreciates the hearing preparation and oral advocacy of counsel for both parties. The arguments on June 7, 2018, helped narrow the issues and assisted the undersigned's determination. After reviewing the parties' papers and considering the oral arguments at the motions hearings, the undersigned is persuaded that the ALJ's decision is supported by substantial evidence and applied the correct legal standards.

In short, the undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will direct that the Commissioner's decision be affirmed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion for Judgment on the Pleadings Rule 12(c), F.R.Civ.P." (Document No. 10) is **DENIED**; the Defendant's "Motion for Summary Judgment" (Document No. 17) is **GRANTED**; and the Commissioner's determination is **AFFIRMED**.

**SO ORDERED**.

Signed: June 15, 2018

David C. Keesler
United States Magistrate Judge